IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **NEVIN COTTRELL,** | ) |
| **Plaintiff,** | ) |
| | ) 09 cv 5306 |
| vs. | ) |
| | ) Judge Marvin E. Aspen |
| **DEWALT INDUSTRIAL TOOL CO.,** | ) |
| **d/b/a BLACK & DECKER (U.S.) INC.,** | ) |
| **d/b/a PORTER-CABLE,** | ) Mag. Judge Michael T. Mason |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before this Court is Defendant, Black & Decker (U.S) Inc.'s (the "Defendant" or "Black & Decker") motion to compel production [9] (the "Motion"). Defendant requests that this Court compel Plaintiff Nevin Cottrell (the "Plaintiff") to produce the DeWalt Roto Hammer Drill Model D25500 identified in the Complaint (the "Drill") for non-destructive inspection and testing. This matter was referred to this Court by Judge Aspen in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the following reasons, the Court grants Defendant's motion to compel production [9].

**Background**

On August 27, 2009, this action was removed from the Circuit Court of Cook County to this District. In the operative Complaint, Plaintiff claims that he sustained a serious hand injury while using the Drill at work on July 27, 2007, and alleges negligence and breach of implied and express warranties against Black & Decker. [1-1]. The District Court held the initial discovery conference in this matter in October of

2009. At that time, the District Court set the following deadlines: All written discovery is to be completed by December 31, 2009. Fact Discovery is to be completed by July 30, 2010. All expert discovery to be completed by December 30, 2010. [8].

Plaintiff is in possession of the Drill. Response, p. 1. Defendant has requested that Plaintiff produce the Drill for non-destructive inspection and testing by Defendant and its consulting, non-testifying experts. Defendant asserts that it would "take full responsibility for the Drill while it is in its possession." Motion, p. 2. Plaintiff states that he will produce the Drill, but not for any "destructive testing or testing which may in any way require the Drill to be disassembled." Exhibit H to Motion. Defendant has agreed to this requirement. Exhibit A to the Motion. Plaintiff also sets forth that he will only produce the Drill if his attorney is present during the testing by the Defendant's consulting expert and that the testing is videotaped. Defendant objects to these proposed conditions. To date, neither Defendant or its counsel have seen the Drill. Motion, p. 3.

## **Discussion**

Defendant argues that allowing Plaintiff to have his attorney present or to videotape Defendant's testing of the Drill would "effectively, deny the Defendant its ability to protect privileged information developed during the examination, without first requiring the Plaintiff to meet his burden of showing the exceptional circumstances required by Rule 26(b)(4)(B) to defeat the privilege." Motion, p. 4. According to Fed. R. Civ. Pro. 26(b)(4)(B), a party may not discover the facts or opinions held by an expert who is employed by another party in anticipation of litigation that will not be called as a witness, absent "exceptional circumstances under which it is impracticable for the party

2

to obtain the same facts or opinions on the same subject by other means." Defendant argues that Plaintiff has not demonstrated exceptional circumstances.

Plaintiff claims that Rule 26(b)(4)(B) does not apply as "Plaintiff is not attempting to discover any facts known or opinions held by a non-testifying expert." Response, p. 3. Instead, Plaintiff argues that the proposed conditions are necessary to ensure that the Drill is "properly handled" and that no "invasive or intrusive" testing is conducted. We disagree. Rule 26(b)(4)(B) applies in this case. Rule 26(b)(4)(B) protects against the disclosure of an attorney's mental impressions, conclusions, opinions or legal theories, including the decisions about what to test and how. *Shoemaker v. General Motors Corp.*, 154 F.R.D. 235, 236 (W.D. Mo. Feb. 28, 1994); *see also Hajek v. Kumho Tire Co,. Inc.*, 2009 WL 2229902, *5 (D. Neb. July 23, 2009). A similar case, *Shoemaker*, applies Rule 26(b)(4)(B) in its analysis of a motion in which plaintiff sought to attend the testing of a piece of evidence at the center of the litigation. 154 F.R.D. at 236. The Court in *Shoemaker* held that, based on Rule 26(b)(4)(B), plaintiff's counsel could not attend testing performed by the defendant, despite the plaintiff's fear of evidence being destroyed, as this would intrude on the "development of defendant's case." *Id.*

Plaintiff cites an Appellate Court of Illinois case, *Klick v. R.D. Werner Company, Inc.*, 38 Ill. App. 3d 575 (1st Dist. 1976), in support of his position. The Illinois Appellate Court in *Klick* held that the plaintiff should be allowed to have a representative present during testing where the object is the basis of the claim. *Id.* at 578. However, in *Klick*, the defendant advised the plaintiff that it intended to conduct destructive testing of the product at issue. *Id.* at 577. Here, Defendant has stated from its first request that it

3

would not conduct destructive testing.  Further, Defendant states that it will "document the Drill's condition upon presentation to [Defendant], and its condition following [Defendant's] inspection."  Reply, p. 2.

In addition, the Court in *Klick* did not consider the consulting expert privilege.  In this case, Defendant specifically requests that the Drill be produced so its consulting expert can test it and Defendant can receive advice.  The purpose of Rule 26(b)(4)(B) is "to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation."  *Sunrise Opportunities, Inc. v. Regier*, 2006 WL 581150, *7 (N.D. Ill. Mar. 7, 2006)(citation omitted).  Plaintiff cites no other case law or authority in support of his position.

There is no basis to find that Plaintiff will be prejudiced if Defendant is allowed to conduct non-destructive inspection and testing outside the presence of Plaintiff's counsel.  "First, Plaintiff would not otherwise be entitled to the privileged information developed by a nontestifying expert and, second, should Defendant choose to designate its consulting expert as a testifying expert, information about the proposed examination would, then, be subject to discovery pursuant to Rule 26 (b)(4)(A)."  *Shoemaker*, 154 F.R.D. at 236.

**Conclusion**

For the reasons stated above, Defendant's motion is granted.  Plaintiff is to produce the Drill to Defendant by January 19, 2010.  Plaintiff's counsel is not permitted to be present during the testing and inspection of the Drill, nor is he allowed to videotape the testing.  The parties are to determine the best way to supply the Drill to Defendant, whether shipping or hand-delivery.  In addition, the parties are to work out a

4

reasonable length of time for Defendant to be in possession of the Drill.

                                    **ENTERED:**

*[signature: Michael T. Mason]*

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:** December 29, 2009

5